IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------x

WILMERRYS RAMOS,

                Plaintiff,                CIVIL ACTION NO

vs.                                         COMPLAINT

AMAZON.COM SERVICES, LLC,
and SECURITAS SERVICES, INC.,            JURY TRIAL DEMANDED

                Defendants                JANUARY 2, 2023

-------------------------------------------------------------x

## COMPLAINT

      The Plaintiff WILMERRYS RAMOS, by and through her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the Defendants AMAZON.COM SERVICES, LLC, and SECURITAS SERVICES, INC., respectfully alleges upon information and belief as follows:

### NATURE OF CASE

1. This is a civil action for damages and equitable relief invoking this Court's power of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and is based upon willful violations that Defendants committed of Plaintiff's rights as follows: as to the employer defendant Amazon only, (i) Wrongful Termination under *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 427 A.2d 385 (1980) and its progeny; (ii) breach of the covenant of good faith and fair dealing; (iii) negligence inadequate security; (iv) negligent supervision, hiring, retention and training; (v) negligence *respondeat superior*; (vi) intentional infliction of emotional distress; (vii) negligent infliction of emotional distress; and (viii) *prima facie* tort; and,; (ix) any other claims(s) that can be inferred from the facts set forth herein.

2. Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable law.

1

3. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4. This Court has jurisdiction as this case arises under Diversity Jurisdiction under 28 U.S.C. § 1332.

5. The amount in controversy in this case exceeds $75,000.00.

6. The parties of this case are completely diverse in that Plaintiff maintains diverse citizenship to that of all Defendants.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of her employment, and Defendants operate business / provide services in the District.

## THE PARTIES

8. Plaintiff Wilmerrys Ramos was and is a resident of the State of Connecticut at all relevant times herein.

9. Defendant Amzazon.com Services, LLC, ("Amazon") is a Delaware limited liability company headquartered in Seattle, Washington, registered to receive service of process in Connecticut with Corporation Service Company at Goodwin Square 225 Asylum Street, 20th Floor Hartford, CT 06103.

10. Defendant Securitas Services, Inc. ("Securitas") is Delaware corporation headquartered in Parsippany, NJ and is registered to receive service of process in Connecticut with National Registered Agents, Inc., 67 Burnside, Avenue, East Hartford, CT 06108.

## BACKGROUND FACTS

11. Plaintiff worked as a warehouse worker from Defendant Amazon at its BDL3 Amazon Fulfillment Center location (hereinafter referenced as the "workplace") at 409 Washington Ave, North Haven, CT 06473, from approximately June 17, 2021 until on or about April 24, 2022.

12. Plaintiff was an exceptional employee and was well liked amongst her colleagues, management, security guards and coworkers.

13. Amazon contracts with Securitas to provide security services to the BDL3 Amazon Fulfillment Center.

14. Securitas employs security guards assigned to the BDL3 Amazon Fulfillment Center to provide security to the workplace and premises.

15. On or about April 21, 2022, Plaintiff was viciously physically assaulted by an Amazon employee Ashton Hall ("Ms. Hall") in front of Amazon management, human resources and Securitas guard.

16. On or about April 21, 2022, Plaintiff was leaving her shift at the workplace, whereupon Ms. Hall an Amazon employee verbally accosted Plaintiff at the metal detectors near the workplace entrance/exit and informed Plaintiff that she was going to physically harm her.

17. Plaintiff feared for her personal safety and reported Ms. Hall's threat to the nearby Securitas security guard (Hispanic male, name unknown) and reported that she needed protection from Ms. Hall.

18. The Securitas security guard witnessed Ms. Hall's threatening interaction with Plaintiff and failed to act.

19. The Securitas security guard informed Plaintiff that he could not do anything to intervene as per Securitas and Amazon policies.

20. The Securitas security guard failed to call 911 or provide security to Plaintiff.

21. Plaintiff made her way toward the workplace's Human Resources ("HR") representative area, which was a short distance from the metal detector area where Ms. Hall threatened Plaintiff with harm.

22. Plaintiff arrived at HR and spoke with a representative (White, female, name unknown) and disclosed that she was being threatened and followed by Ms. Hall.

23. HR informed Plaintiff to go to a nearby room within HR and write a statement.

24. Before Plaintiff could even get to a safe location within HR, Ms. Hall physically assaulted Plaintiff in front of HR and Security and several other witnesses including coworker Micaela Flores and approximately 30 – 40 other Amazon coworkers.

25. Securitas failed to intervene or stop Ms. Hall from physically assaulting Plaintiff.

26. Ms. Hall punched Plaintiff in the right eye and face, pushed her, grabbed her, smacked, bashed and attacked her physically and verbally, pulled Plaintiff's hair out of her scalp.

27. After Ms. Hall was exhausted from beating Plaintiff so badly, she stopped and left the building without being questioned, detained or prohibited from leaving the building by Securitas or Amazon.

28. Plaintiff was defenseless and suffered bodily injuries and was injured in the eye (Plaintiff's contact lens cut her eye and cause damage), facial swelling, contusions, abrasions and swelling.

29. Plaintiff also suffered a great deal of extreme emotional distress as a result of the attack.

30. The North Haven Police Department arrived shortly after Ms. Hall departed the workplace to take a statement from Plaintiff.

31. Plaintiff reported to the responding officer from North Haven Police Department that she

was not provided security from Securitas or Amazon and that she was attacked by Ms. Hall in front of Securitas and HR and scores of other witnesses.

32. Plaintiff engaged in protected activity when reporting to law enforcement that Securitas and Amazon failed to provide adequate security for a known threat of violence in the workplace against her.

33. The entire event / series of events, upon information and belief, were captured on the workplace video camera surveillance system.

34. HR spoke with Plaintiff directly after the attack and informed Plaintiff that she did nothing wrong and that her job would be secure.

35. Plaintiff provided a statement to HR.

36. HR informed Plaintiff that she would be suspended for one week with pay pending an investigation, which according to HR was standard procedure for Amazon.

37. On or about April 24, 2022, HR called Plaintiff and terminated her position from Amazon.

38. On or about April 24, 2022, HR also sent Plaintiff a termination letter.

**AS AND FOR THE FIRST CAUSE OF ACTION**
**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**
**under *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 427 A.2d 385 (1980)**
**(as to the employer Defendant Only)**

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. As described above, Plaintiff was terminated because she was assaulted in the workplace and she complained about being a victim of physical violence and threats at the workplace to security, HR and the Police.

41. Plaintiff's termination was wrongful because it is against public policy to fail to address physical violence in the workplace and maintain inadequate security.

42. The Defendant's actions violate public policy because Plaintiff made good faith reports of physical violence in the workplace.

43. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

<b><u>AS AND FOR THE SECOND CAUSE OF ACTION<br>BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>(as to the employer Defendant Only)</u></b>

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

45. The contractual relationship between the plaintiff and defendant included an implied covenant of good faith and fair dealing.

46. Based on said Covenant, Plaintiff has a reasonable expectation that the Defendant employer would treat the Plaintiff fairly and perform its obligation with fairness and good faith.

47. Defendant's bad faith impeded the plaintiff's ability to either perform her duties of employment or avail herself of the full benefits of employment.

48. The Defendant engaged in bad faith, as a consequence of agents and employees having engaged in retaliation, discrimination, harassment and creating and maintaining a hostile work environment.

49. By virtue of the defendant's actions, Plaintiff has been denied the reasonable opportunity to perform her obligation under her at-will contract for employment with the defendant.

50. The bad faith acts of the Defendant as alleged do not represent legitimate business decisions.

51. The terms of employment did not permit the Defendant 's actions and omissions with respect to the Plaintiff's employment.

### AS AND FOR THE THIRD CAUSE OF ACTION
### NEGLIGENCE INADAQUATE SECURITY
### (as to All Defendants)

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. Defendants owed a duty to Plaintiff to provide security at the workplace.

54. Defendants failed to maintain adequate security of the workplace.

55. Defendants breached its duty to maintain adequate security of the workplace.

56. Plaintiff was injured as a result of Defendants' breach.

57. The Defendants are responsible for the workplace and security of all employees, agents, contractors and subcontractors who manage the premises including but not limited to the workplace, and employee/patient safety and have a duty to stop/prevent unlawful and/or tortious acts from occurring on the premises.

58. The actions of Defendants employees including all present Securitas security guards at the workplace and HR and Ms. Hall are the responsibility of and are imputed to and binding upon the Defendants.

59. Defendants have a duty to prevent employees/servants/agents, including but not limited to Securitas security guards at the workplace and HR and Ms. Hall from acting or engaging in unlawful and/or tortious conduct.

60. Defendants must provide security for individuals such as Plaintiff against employees/servants/agents that engaged in tortious and/or otherwise unlawful conduct was the direct and proximate cause of Plaintiff's injuries.

61. Defendants' owners are liable jointly and severally for damages resulting from Defendant Securitas security guards at the workplace and HR and Ms. Hall's negligent actions/omissions.

62. Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

63. This action falls within one or more of the exceptions as set forth in CPLR 1602.

64. As a direct and proximate result of the Defendants' actions Plaintiff suffered apprehension of imminent harm and emotional distress therefrom.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION, HIRING, RETENTION AND TRAINING
### (as to All Defendants)

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. The Defendants are responsible for the training and supervision of all employees, agents, contractors and subcontractors who manage the premises including but not limited to the Restaurant and employee/patron safety and have a duty to stop/prevent unlawful and/or tortious acts from occurring on the premises.

67. The actions of the individual Defendants are the responsibility of and are imputed to and binding upon the employer Defendants.

68. The employer Defendants have a duty to prevent employees/servants/agents, including the individual Defendants from acting or engaging in unlawful and/or tortious conduct.

69. Defendants' negligence in hiring, supervising, and retaining employees/servants/agents that engaged in tortious and/or otherwise unlawful conduct was the direct and proximate cause of Plaintiff's injuries.

70. The employer Defendants' owners are liable jointly and severally for damages resulting from the individuals Defendants' negligent actions/omissions.

71. Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

72. As a direct and proximate result of the Defendants' actions Plaintiff suffered apprehension of imminent harm and emotional distress therefrom.

### AS AND FOR THE FIFTH CAUSE OF ACTION
### NEGLIGENCE RESPONDEAT SUPERIOR
### (as to All Defendants)

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. The defendants owed Plaintiff a duty from employees/agents acting or engaging in unlawful and/or tortious conduct against Plaintiff.

75. The Securitas security guards at the workplace and HR and Ms. Hall committed torts against Plaintiff within the scope of their employment.

76. The harm to Plaintiff from the individual defendants was foreseeable to the defendants.

77. Plaintiff suffered damages as a result.

### AS AND FOR THE SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to all individual Defendants)

78. Defendants' conduct was extreme and outrageous.

79. As described above, Defendants willfully intended to cause Plaintiff emotional distress.

80. Defendants' actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

81. Defendants' actions did in fact cause the Plaintiff to suffer severe emotional distress.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (as to all individual Defendants)

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

83. As described above, the individual Defendants knew or should have known that they intended to cause Plaintiff emotional distress.

84. Defendants' conduct was extreme and outrageous.

85. Plaintiff was in the zone of danger from Defendants' actions, and it could be foreseeable that their actions could or would cause emotional distress upon the Plaintiff.

86. Defendants in perpetrating the above-described conduct, inflicted emotional distress as aresult of terminating Plaintiff accusing of her of malfeasance and forcing her out of the workplace after she complained.

87. Defendants' actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

88. Defendants' actions did in fact cause the Plaintiff to suffer severe emotional distress.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
## *PRIMA FACIE* TORT as to all individual Defendants

89. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90. All individual Defendants commenced a pattern of reckless, negligent, discriminatory and retaliatory proceedings against the Plaintiff culminating in a hostile work environment and no investigation thereafter, and then further causing retaliation after Plaintiff engaged in protected activity by complaining to Defendants and the North Haven Police Department multiple times about the lack of security and workplace violence prevention leading to Plaintiff's wrongful

10

termination, as a result of the Defendants extreme and outrageous conduct Plaintiffs have been harmed.

## DEMAND FOR A JURY TRIAL

91. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.  A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned laws;

B.  Awarding Plaintiff compensatory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

E.  Pre-judgment and post-judgment interest, as provided by law; and

F.  Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: New York, New York
January 2, 2023

Respectfully submitted,

By: *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ.
(ct 30335)
BERLINGIERI LAW, PLLC
*Attorney for Plaintiff*
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.: (347) 766-5105
Fax:  (914) 730-1044
Email: cjb@nyctlaw.com